**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6697**

DWIGHT L. ROBINSON,

        Plaintiff - Appellant,

    v.

RUSSELL HEESE; GEORGE T. SOLOMON; JEFF LASSITER,

        Defendants - Appellees,

    and

CHERIE BERRY,

        Defendant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, Chief District Judge. (5:16-ct-03068-BO)

Submitted: September 26, 2019              Decided: October 4, 2019

Before AGEE and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Dwight L. Robinson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dwight L. Robinson, a North Carolina inmate, appeals the district court's order and judgment granting summary judgment to the Defendants and dismissing his civil rights complaint. We affirm.

We review de novo a district court's decision to grant summary judgment, "applying the same legal standards as the district court and viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." *Grutzmacher v. Howard Cty.*, 851 F.3d 332, 341 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 138 S. Ct. 171 (2017). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

To obtain relief under 42 U.S.C. § 1983 (2012), an inmate must show: (1) he was incarcerated under conditions that, considered objectively, posed a substantial risk of serious harm; and (2) that prison officials had a "sufficiently culpable state of mind," namely, deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994) (internal quotation marks omitted). We conclude that Robinson failed to show that he was exposed to levels of asbestos that could cause serious harm or that the Defendants knew of a substantial risk to Robinson's health. We also conclude that the district court did not abuse its discretion in denying the motion for appointment of counsel. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) (stating standard of review), *abrogated on other grounds by Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296 (1989).

Accordingly, we affirm the district court's order and judgment. We deny Robinson's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*